```
1  MICHAEL A. PAINTER, Bar #43600
   painter@ikplaw.com
2  ISAACMAN, KAUFMAN, PAINTER,
        LOWY & ZUCKER, P.C.
3  1100 Glendon Avenue, 15th Floor
   Los Angeles, California 90024
4  (310) 881-6800 - Telephone
   (310) 881-6801 - Facsimile
5  painter@ikplaw.cpm
6
7  Attorneys for Plaintiff,
   GARCOA, INC.
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARCOA, INC., an Ohio corporation, | CASE NO. |
| Plaintiff, | |
| v s. | COMPLAINT FOR TRADEMARK INFRINGEMENT, CYBER-SQUATTING AND UNFAIR COMPETITION |
| NATURE'S BEAUTY MIX, LLC, a New York limited liability company, and DOES I - X, Inclusive, | |
| Defendants. | JURY TRIAL DEMANDED |

**COME NOW THE PLAINTIFF**, GARCOA, INC., and for causes of action against the defendants, complains and alleges as follows:

MAP-GI-1791

## JURISDICTION

1. This is a civil action which arises under Sections 32(1) [15 U.S.C. §1114(1)] and 43(a) [15 U.S.C. §1125(a)] of the United States Trademark Act. Jurisdiction is based upon 15 U.S.C. Section 1121 and 28 U.S.C. Section 1338(a).

## THE PARTIES

2. Plaintiff, GARCOA, INC., is an Ohio corporation having its principal place of business in Calabasas, California (hereinafter referred to as "plaintiff" or "Garcoa").

3. Plaintiff is informed and believes and, based on such information and belief, alleges that defendant, NATURE'S BEAUTY MIX, LLC, is a limited liability company organized under the laws of New York and has its principal place of business in Brooklyn, New York (hereinafter referred to as "defendant").

4. The true names or capacities, whether individual, corporate, associate, representative, or otherwise, of the defendants named herein as DOES I - X, inclusive, are unknown to plaintiff who therefore, pursuant to Local Rule 19-1 of this Court, sues said defendants by such fictitious names and plaintiff will amend this Complaint to show their true names and capacities when the same have been ascertained.

## FIRST COUNT FOR TRADEMARK INFRINGEMENT

5. Plaintiff hereby repeats and realleges Paragraphs 1 - 4, inclusive, as though set forth in full herein again.

6. In 1993, and long prior to any of the acts of the defendant complained of in this Complaint, Garcoa adopted the mark NATURE'S BEAUTY as a trademark to designate skin and hair care products, said mark being extensively used, advertised and promoted throughout the United States in general and in the State of California in particular.

7. Since long prior to any of the acts of the defendant complained of in this Complaint, Garcoa applied for and registered its NATURE'S BEAUTY trademark on the Principal Register in the United States Patent and Trademark Office, a copy of Certificate of Trademark Registration No. 2,512,306 being attached hereto as Exhibit 1. Based upon the rights accorded registration of the trademark and the trademark's long and continuous use by Garcoa to designate skin and hair care products, Garcoa owns the exclusive right in the United States to manufacture and sell skin and hair care products designated by the NATURE'S BEAUTY trademark and to advertise and promote the sale of skin and hair care products through the use of the NATURE'S BEAUTY trademark.

8. Since long prior to the acts of defendant complained of in this Complaint, Garcoa has extensively marketed, sold, advertised and promoted the sale of skin and hair care products identified by the trademark NATURE'S BEAUTY. Garcoa has gained a substantial reputation in connection with skin and hair care products marketed and sold under the NATURE'S BEAUTY trademark. By reason of the marketing and sale of products under the above trademark, the trade and public, prior to said acts of defendants complained of in this Complaint, have come to recognize the trademark NATURE'S BEAUTY, when used in connection with skin and hair care products as identifying such products as being exclusively supplied by, authorized or affiliated with Garcoa.

9. Long after Garcoa's first use of the NATURE'S BEAUTY trademark in commerce, defendant first commenced use of the trademark NATURE'S BEAUTY MIX to identify, distribute, advertise and/or promote the sale of skin and hair care products in the United States. Defendant has used the trademark NATURE'S BEAUTY MIX to identify skin and/or hair care products sold in the United States despite the fact the identified trademark wrongfully appropriates Garcoa's registered NATURE'S BEAUTY trademark and is confusingly similar thereto.

10. The acts of the defendant of manufacturing, distributing, advertising, marketing and/or promoting the sale of skin and hair care products through the use of the trademark NATURE'S BEAUTY MIX is directed to the same segment of the purchasing public to which Garcoa directs its products.

11. Defendant's use of the trademark NATURE'S BEAUTY MIX as alleged above to distribute, designate, advertise and/or promote the sale of skin and hair care products in the United States is likely to cause confusion or mistake or to deceive the purchasers of its products as to the source of origin of defendants' products and to cause defendants' products to be passed off or viewed as those which are provided or authorized by Garcoa.

12. That unless restrained by this Court, defendant will continue to use the trademark NATURE'S BEAUTY MIX to identify, distribute, advertise and/or promote the sale of skin and hair care products in the United States and, as a result thereof, the public generally will be misled and deceived into believing that the products of defendant are those of, or are affiliated with Garcoa, to the irreparable damage and injury of the business of Garcoa.

13. Garcoa has duly demanded that defendant cease and desist from the aforesaid violation of Garcoa's rights, defendant having refused to do so. This is therefore an exceptional case within the meaning of §35 of the United States Trademark Act, 15 U.S.C. §1117, entitling Garcoa to recover reasonable attorneys' fees

14. The aforesaid actions of defendant have irreparably damaged Garcoa and will, unless restrained, continue to so damage the business of Garcoa and its good will, for all of which there is no adequate remedy at law.

## SECOND COUNT FOR CYBERSQUATTING

15. Plaintiff hereby repeats and realleges Paragraphs 1-4, and 5-14, inclusive, of the First Count as though set forth in full herein again.

16. Defendant's skin and hair care products identified by the NATURE'S BEAUTY MIX trademark are advertised, distributed and sold on an interactive website hosted by the domain name naturesbeautymix.com which was registered by defendant on or about May 17, 2016, long after plaintiff's NATURE'S BEAUTY trademark was distinctive and enforceable.

17. Defendant has acted with the bad faith intent to profit from the unauthorized use of plaintiff's NATURE'S BEAUTY trademark and the goodwill associated therewith by registering the naturesbeautymix.com domain name which is confusingly similar to Plaintiff's NATURE'S BEAUTY trademark.

18. Defendant has no intellectual property rights in or to plaintiff's NATURE'S BEAUTY trademark. Defendant's actions constitute cybersquatting in violation of §43(d) of the United States Trademark Act, 15 U.S.C. §1125(d).

19. Plaintiff has no adequate remedy at law, and the registration and use of the naturesbeautymix.com domain name has caused, is causing and is likely to continue to cause substantial and irreparable injury to the public and to plaintiff.

## THIRD COUNT FOR FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

20. Plaintiff hereby repeats and realleges Paragraphs 1 - 4, 5 - 14, and 15 - 19, inclusive, of the First and Second Counts as though set forth in full herein again.

21. Defendant's above-alleged actions constitute the use in connection with goods of false or misleading descriptions and representations with respect to the origin, sponsorship or approval of its products and the publicity therefor by suggesting that such goods and the advertising thereof are connected with or associated, sponsored or affiliated with Garcoa, or that the same truly originated

with Garcoa. Defendant has caused its skin and hair care products, and the advertising and/or promotion thereof, to enter United States commerce. The misappropriation and use of Garcoa's NATURE'S BEAUTY trademark by defendant as well as defendant's other actions described above constitute false and misleading descriptions of fact and representations of fact that are likely to give the public a false impression and to confuse the public as to the source of defendant's goods.

22. Garcoa is informed and believes and, based on such information and belief, alleges that defendant adopted and used the trademark NATURE'S BEAUTY MIX with actual knowledge of Garcoa's long prior use of the NATURE'S BEAUTY trademark and with the intent to trade on the reputation and good will of that mark.

23. Although defendant has been requested by Garcoa to cease selling, advertising and/or promoting the sale of skin and/or hair care products in the United States through the use of the trademark NATURE'S BEAUTY MIX, defendant has, nevertheless, refused said request and has continued to use said mark to advertise, market and promote the sale of its products. This is therefore an exceptional case within the meaning of §35 of the United States Trademark Act, 15 U.S.C. §1117, entitling Garcoa to recover reasonable attorneys' fees.

24. The aforesaid actions of defendant have irreparably damaged Garcoa and will, unless restrained, continue to so damage the business of Garcoa and its good will, for all of which there is no adequate remedy at law.

**WHEREFORE**, plaintiff seeks judgment against defendant as follows:

1. That defendant, and their officers, agents, servants, employees, attorneys, confederates, related companies, and all persons acting in concert or participation with it, be enjoined and restrained during the pendency of this action, and permanently thereafter:

      (a)    from using in any manner as a trademark or trade name in the United States the mark NATURE'S BEAUTY, alone or in combination with any other word or words or design, in connection with designating, distributing, advertising, promoting and/or offering for sale or the sale of skin and/or hair care products not produced by plaintiff, or not authorized by plaintiff to be sold in connection with said mark;

      (b)    from passing off, inducing or enabling others to sell or pass off skin and/or hair care products that are not plaintiff's or not offered under the control and supervision of plaintiff and approved by plaintiff, through the use of the mark NATURE'S BEAUTY, or formatives thereof;

      (c)    from committing any acts calculated to cause purchasers to believe that defendants' skin and/or hair care products are sponsored by or approved or connected with or guaranteed by or offered and sold under the control and supervision of plaintiff; and

      (d)    from otherwise competing unfairly with plaintiff in any manner.

      2.    That defendants, and each of them, be required to deliver up to plaintiff or destroy any and all price lists, labels, signs, prints, packages, wrappers, receptacles, advertising matter, promotional and other material in the possession of defendant, or under its control bearing the mark NATURE'S BEAUTY MIX alone, or in combination with any other word or words or design used in connection with the distributing, designating, advertising, promotion or sale of skin and/or hair care products not produced by plaintiff or not made under the supervision and control of plaintiff.

      3.    That the registrar of the naturesbeautymix.com domain name be directed to transfer the domain name to plaintiff's control, so that it may no longer be used for illegal purposes.

4. That defendant account for and pay over to plaintiff all damages sustained by plaintiff and all profits realized by defendants by reason of defendants' unlawful acts and that the amount of damages for infringement of plaintiff's trademark be increased by a sum not exceeding three times the amount thereof as provided by Section 35 of the United States Trademark Act, 15 U.S.C. §1117.

5. That plaintiff be awarded exemplary damages in the amount of $100,000.

6. That plaintiff be awarded its costs of suit, including reasonable attorneys' fees and have such other and further relief as to the Court may deem equitable, including but not limited to, any relief set forth under Section 34-39 of the United States Trademark Act.

**PLAINTIFF DEMANDS A JURY TRIAL OF THIS ACTION.**

Respectfully submitted,

ISAACMAN, KAUFMAN, PAINTER, LOWY & ZUCKER, P.C.

By: _____
Michael A. Painter
Attorneys for Plaintiff
GARCOA, INC.

Dated: December 1, 2020

# Exhibit 1

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52

**United States Patent and Trademark Office**  Reg. No. 2,512,306
Registered Nov. 27, 2001

## TRADEMARK
## PRINCIPAL REGISTER

## NATURE'S BEAUTY

GARCOA, INC. (OHIO CORPORATION)
24007 VENTURA BOULEVARD
SUITE 135
CALABASAS, CA 91302

FOR: SKIN AND HAIR CARE PRODUCTS, NAMELY EXFOLIATING CREAMS, SKIN CLEANSER, FACIAL SCRUB, SKIN ASTRINGENT, SKIN MOISTURIZER AND NIGHT CREAM; HAND AND BODY MOISTURIZER, BATH AND SHOWER GELEE, HAIR SHAMPOO AND HAIR CONDITIONER, STYLING GEL, TANNING LOTION, BATH OIL, ANTI-WRINKLE CREAM, MOISTURE CREAM, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 3-11-1993; IN COMMERCE 3-11-1993.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "BEAUTY", APART FROM THE MARK AS SHOWN.

SER. NO. 76-132,958, FILED 9-22-2000.

PRISCILLA MILTON, EXAMINING ATTORNEY

First Renewal Accepted: 7-1-2011

EXHIBIT 1
-9-